IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
2011 APR -7 AM 11:34

CLERK C. Roberts
SO. DIST. OF GA.

RITCHIE D. SIMS,

  Petitioner,

vs.          CIVIL ACTION NO.: CV210-187

TOSHA OSBOURNE, Director, Dismas
Charities of Savannah; G. SCOTT,
Vice President, Dismas Charities of
Savannah; R. L. JAMES, Community
Corrections Manager, Bureau of
Prisons; and BUREAU OF PRISONS,

  Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ritchie Sims ("Sims"), who was formerly incarcerated at the McIntosh County Detention Center in Darien, Georgia[1], filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Response. For the reasons which follow, Sims' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

The United States District Court for the Southern District of Georgia sentenced Sims to 151 months' imprisonment for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On January 7, 2011, Sims was released from custody via good conduct time release. (Doc. No. 5, p. 1; Doc. No. 5-1, p. 3).

---

[1] It appears that Sims served at least a portion of his sentence in a federal penal institution. (Case Number CR299-53, Doc. No. 79).

Sims filed the instant petition while he was housed at the McIntosh County Detention Center in Darien, Georgia. In his petition, Sims contends that Respondents failed to give him notice of any disciplinary charges against him or that they failed to conducted a hearing within 24 hours of the charges being made against him, as is required by Bureau of Prisons' policy. (Doc. No. 1, p. 3). Sims demands his immediate release from custody. Respondents assert that Sims has been released from custody, and his petition is now moot. (Doc. No. 5, p. 4).

## DISCUSSION AND CITATION TO AUTHORITY

Under Article III, Section 2 of the Constitution, jurisdiction of the federal courts to entertain a petition for habeas corpus requires a live case or controversy, meaning that, throughout the litigation, the petitioner must have "suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. (citing Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). Where an incarcerated petitioner challenges his confinement, this case or controversy requirement is always met because incarceration itself constitutes actual injury. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Id. Otherwise, release from custody renders the habeas corpus action moot. Id. at 14.

Because Sims has been released from custody, there is no longer a live case or controversy to be litigated in this Court. Sims has failed to assert any collateral

2

consequences or give any reason why his petition should not be dismissed as moot. See Spencer, 523 U.S. at 7, 14. A decision on the merits in Sims' favor would entitle him to no additional relief, and thus, he no longer has a personal stake in the outcome. See Lewis, 494 U.S. at 477. Sims is not threatened with any actual injury that could be redressed by a favorable judicial outcome. See id. Therefore, Sims' petition is moot.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Sims' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of April, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)